IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL ADAM BARRAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   CAUSE NO. 3:06-CV-694 |
| | ) |
| **J. DAVID DONAHUE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court **DISMISSES** this case pursuant to 28 U.S.C. section 1915A.

BACKGROUND

Michael Adam Barrand, a *pro se* prisoner, submitted a complaint under 42 U.S.C. section 1983. Barrand alleges that on February 21, 2005, at approximately 8:30 a.m in D-East cell #430 at the Indiana State Prison, part of the ceiling fell and struck him in the head and face. He alleges he was injured and taken to the hospital, then returned to the same cell and told to clean up the mess. In his attached Step-1 grievance he states he was moved to a different cell the next day. He makes no mention of any further injury occurring during that extra day in the cell.

He alleges that in November 2004, when he was first placed in the cell, he complained to Lt. McKey about the cell's state of disrepair and requested that the cell be repaired. He alleges the cell was not checked and no repairs were performed. In his Step-1 grievance he also states that less than a year earlier, all of the cells in that range were extensively renovated and repaired.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The Court will apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal

> right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2).  In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Failure to Protect - Eighth Amendment Claim

This claim is analogous to claims for failure to protect one inmate from being attacked by another inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).  Here, prison officials have a duty to protect prisoners from falling ceilings, but the Eighth Amendment is violated only if deliberate indifference by prison officials condoned the collapsing ceiling allowing it to happen.

Deliberate indifference is comparable to criminal recklessness,

and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). A defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from

random acts. *See*, *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of [danger] . . . is inevitable no matter what guards do").

Barrand alleges that this range of cells had been cleared of inmates and extensively renovated and repaired less than a year earlier. His single general complaint three months before a piece of the ceiling collapsed did not present a strong likelihood that a substantial risk of serious harm existed. Without actual knowledge of impending harm, the Defendants cannot be deliberately indifferent. Though they may have been negligent or unreasonable to have not followed up on a general allegation of disrepair in a newly renovated cell block, this is not the total unconcern which is the functional equivalent of wanting harm to come to a prisoner. Based on these allegations, Defendants were not deliberately indifferent and Barrand does not state a claim related to the injuries he suffered when a piece the ceiling fell on him.

After he was treated for his injuries, Barrand was returned to the same cell. At that time, actual knowledge of impending harm existed. Returning him to the same cell without first repairing the ceiling does allege deliberate indifference. Thankfully Barrand was not further injured. Because Barrand was not injured, he does not state a claim merely because it was deliberately indifferent to return him to the same cell. Fear of an attack that did not occur does not state a claim for damages. *Doe v. Welborn* , 110 F.3d 520, 523-24 (7th

Cir. 1997). So too, fear of the ceiling that did not fall during the extra day that he spent in that cell after it was known to be dangerous does not state a claim either.

Barrand alleges that he was told to clean up the cell. Though he may not have liked that job, it was within the wide range of impositions that fall within the expected perimeters for inmates. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this case pursuant to 28 U.S.C. section 1915A.

**DATED:  October 16, 2006**          /s/RUDY LOZANO, Judge
                                      **United States District Court**